UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAURY,

    Petitioner,

vs.

ROBERT PICAELL,

    Respondent.
_____/

Civil Action No.
08-CV-11391

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

### I. Introduction

Darrin Laury ("Petitioner"), a pre-trial detainee presently confined at the Genesee County Jail in Flint, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his pending prosecution on charges of aggravated assault, aggravated stalking, and violation of a personal protection order in the Genesee County Circuit Court. Petitioner raises claims of insufficient evidence, judicial bias, ineffective assistance of counsel, and prosecutorial misconduct in his petition.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must

1

summarily dismiss the petition. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the present petition for writ of habeas corpus must be dismissed.

## II. Discussion

Petitioner challenges his pending criminal prosecution in the Genesee Court Circuit Court in this habeas action. Petitioner, however, has previously filed a petition with the Court concerning the same matter. The Court dismissed that case without prejudice because Petitioner had yet to be convicted of any criminal charges and had failed to demonstrate entitlement to pre-trial habeas relief in accordance with *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91 (1973) and *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). *See Laury v. Picaell*, No. 08-CV-11039 (E.D. Mich. March 17, 2008). Petitioner has now resubmitted a revised petition setting forth his pending criminal charges and possible sentences. He again indicates that he has yet to be convicted of any charges, and does not raise a double jeopardy or speedy trial issue in his petition. Accordingly, for the reasons stated in the Court's prior opinion, Petitioner has failed to demonstrate that he is entitled to pre-trial habeas relief. The instant petition is premature and must be dismissed.

## III. Certificate of Appealability & Leave to Appeal *In Forma Pauperis*

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Having considered the matter, the Court concludes that reasonable jurists would not find the Court's ruling debatable and that Petitioner has failed to make a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis*

because any such appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV. Order

For the reasons stated above,

IT IS ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that Petitioner is denied leave to appeal *in forma pauperis*.

                                                       s/Bernard A. Friedman
                                                     BERNARD A. FRIEDMAN
                                                     UNITED STATES DISTRICT JUDGE

Dated: April 10, 2008

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman